## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

CROW ERICKSON, LLC,          )     Case No. 5:21-cv-00202
                           )
      Plaintiff,           )     Judge J. Philip Calabrese
                           )
v.                         )
                           )
HY-KO PRODUCTS COMPANY,   )
LLC, *et al.*,               )
                           )
      Defendants.       )
                           )

## OPINION AND ORDER

This dispute arises out of claims that Crow Erickson, LLC brings against Defendants Hy-Ko Products Company, LLC and West 6th Products Company alleging trademark infringement, among other things.  Defendants counterclaim, challenging the validity of the marks at issue and seeking their cancellation.  Plaintiff and Ms. Crow move to dismiss Defendant's counterclaims.  (ECF No. 49; ECF No. 51.)  In response, Defendants move to amend the complaint or, alternatively, voluntarily to dismiss the counterclaims without prejudice.  (ECF No. 55.)  In effect, Defendants seek to drop their counterclaims from the litigation.  In this Opinion and Order, the Court resolves all pending motions.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that in the 1980s Tommi Crow, a real estate agent at the time, created a documents tube that attached to for-sale signs and held rolled-up sheets of paper containing information about the property.  (ECF No. 1, ¶ 12, PageID #3.)  The

documents tube used the trademark TAKE ONE.  (*Id.*)  As a result of growing demand, Ms. Crow formed Crow-Erickson Enterprises, Inc. to manage the production and sale of the TAKE ONE documents tube.  (*Id.*, ¶ 13, PageID #4.)  Later, Crow-Erickson Enterprises changed the trademark of the tube from TAKE ONE to INFOTUBE®.  (*Id.*)

Crow-Erickson Enterprises used the terms INFOTUBE (as one word) and INFO TUBE (as two words) on the tube and allege that Crow-Erickson Enterprises acquired common-law trademark rights in both marks.  (*Id.*, ¶¶ 16 & 17, PageID# 5.)  In 2020, Plaintiff Crow Erickson, LLC acquired Crow-Erickson Enterprises.  (*Id.*, ¶ 18.)  As part of the acquisition, Crow-Erickson Enterprises assigned its rights in the INFOTUBE and INFO TUBE marks to Crow Erickson, LLC.  (*Id.*, ¶¶ 18 & 32.)

### A.      Prior Litigation

In 2001, Crow-Erickson Enterprises and Hy-Ko Products resolved earlier litigation over allegations of infringement of the INFOTUBE and INFO TUBE marks by entering into a settlement agreement.  (ECF No. 41-1.)

### B.      Events Giving Rise to This Dispute

In 2020, Crow Erickson believed that Hy-Ko Products allegedly infringed the INFOTUBE and INFO TUBE marks again.  (ECF No. 1, ¶ 36, PageID #9.)  It sent a cease-and-desist letter.  (*Id.*, ¶ 41, PageID #11; ECF No. 1-3.)  Nonetheless, Crow Erickson believes that Hy-Ko Products continued to infringe on the marks and filed this lawsuit.  (ECF No. 1, ¶ 44, PageID #13.)

In their counterclaims, Defendants challenge the validity of the marks.  (*See, e.g.*, ECF No. 17, ¶¶ 25–33, PageID #89–91; ECF No. 19, ¶¶ 25–33, PageID #215–16.)

This challenge rests on claims about ownership and registration of the marks at issue over time and various corporate iterations of the entities that owned them and sought to protect them.  (ECF No. 17, ¶¶ 64–84, PageID #97–100, ECF No. 19, ¶¶ 64–84, PageID #220–23.)  Also, Defendants allege that Crow Erickson and Ms. Crow breached their representations and warranties in the settlement agreement because of who registered the marks at issue and their failure to secure approval for subsequent transfers of ownership rights in the marks and resulting modifications necessary to the settlement agreement to conform to those changes.  (ECF No. 17, ¶¶ 48–55, PageID #94–95, ECF No. 19, ¶¶ 48–55, PageID #217–18.)

## STATEMENT OF THE CASE

Crow Erickson and Ms. Crow each moved to dismiss Hy-Ko's counterclaims. (ECF No. 27; ECF No. 30.) In response to the motions to dismiss, and with the approval of the Court (ECF No. 40), Defendants amended their counterclaims to include additional facts to support their allegations against Crow Erickson and Ms. Crow.  (ECF No. 41.)  Crow Erickson and Ms. Crow again moved to dismiss Defendants' counterclaims.  (ECF No. 49; ECF No. 51.)

Rather than respond on the merits to the motions to dismiss, Defendants seek leave to amend their counterclaims or, alternatively, to dismiss the counterclaims without prejudice.  (ECF No. 55.)  In effect, Defendants seek to drop their counterclaims against Crow Erickson and Ms. Crow.  Based on the history between the parties, this effort resulted in additional disagreement and litigation.  Although the parties agree on dismissal of the counterclaims, their disagreements take over

3

from there. Defendants argue that the counterclaims should be dismissed without prejudice and that the Court should allow the parties to proceed with discovery. (*Id.*, PageID #888–91.) For their part, Crow Erickson and Ms. Crow argue that the counterclaims should be dismissed with prejudice because Defendants brought the counterclaims in bad faith. (ECF No. 58, PageID #933–43.)

## ANALYSIS

### I.    Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure directs courts to give leave to amend freely. Fed. R. Civ. P. 15(a)(2). However, where, as here, the deadline for amending pleadings established in a court's scheduling order has passed, "'a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend' and the Court 'must evaluate prejudice to the nonmoving party before [it] will consider whether amendment is proper under Rule 15(a).'" *Bare v. Federal Express Corp.*, 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). "Consequently, the Court is permitted to examine the standard factors governing amendments under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b)." *Bare*, 886 F. Supp. 2d at 606 (quoting *Craig-Wood v. Time Warner N.Y. Cable LLC*, No. 2:10-CV-906, 2011 WL 4829687, at *2 (S.D. Ohio Oct. 6, 2011)).

As a threshold matter, Defendants cite the standard for amendments under Rule 15(a). (ECF No. 55, PageID #888.) But the Court set a deadline of January 21, 2022 for Defendants to amend their counterclaims. (ECF No. 40, PageID #388.) Under the liberal amendment standard of Rule 15, Defendants' motion might well be proper. But Defendants sought to amend on April 7, 2022. (ECF No. 55.) Therefore, the good-cause standard of Rule 16 governs, and Defendants make no argument under it. Accordingly, the Court **DENIES** Defendants' motion for leave to amend.

## II. Defendants' Motion to Dismiss

Alternatively, Defendants seek to dismiss their counterclaims without prejudice. After a counterclaim-defendant has filed an answer and, "not all of the parties who have appeared will stipulate to dismissal, 'an action may be dismissed at the [counterclaimant's] request only by court order, on terms that the court considers proper.'" *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting Fed. R. Civ. P. 41(a)(2)); *see* Fed. R. Civ. P. 41(c). Generally, this type of dismissal is without prejudice. Fed. R. Civ. P. 41(a)(2).

Whether to grant dismissal and on what terms rests "within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and quotation omitted). To determine whether a defendant will suffer plain legal prejudice, a court considers factors such as: (1) "the defendant's effort and expense

of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

## II.A.  Effort and Expense

The effort and expense of preparation for trial weighs in Plaintiff's favor. Defendants assert that this factor weighs in their favor because the parties have yet to engage in formal written discovery.  (ECF No. 55, PageID #889.)  In the Court's view, Defendants are, strictly and technically, correct insofar as this factor formally considers "preparation for trial."  However, dismissal at this stage follows significant effort and expense in litigation at the pleading stage resulting from Defendants' assertion of the counterclaims.  For example, Plaintiff and Ms. Crow filed motions to dismiss Defendants' counterclaims.  (*See* ECF No. 27; ECF No. 30; ECF No. 38.)  The parties then engaged in mediation to resolve the dispute.  (ECF No. 36.)  Defendants amended their counterclaims to include additional facts to support the allegations against Plaintiff and Ms. Crow.  (ECF No. 41.)  Plaintiff and Ms. Crow then filed motions to dismiss Defendants' amended counterclaims.  (ECF No. 49; ECF No. 51.)  On this record, the Court finds that Plaintiff and Ms. Crow have expended significant effort and expense responding to the counterclaims; therefore, this factor favors dismissal with prejudice.

## II.B.  Delay

Defendants have not engaged in excessive delay or shown lack of diligence in prosecuting their counterclaims.   Plaintiff argues that Defendants only seek

dismissal as a means to escape judgment on the pending motions to dismiss.  ([ECF No. 58](#), PageID #938.)  But that is not quite what the excessive-delay factor examines.  *Grover*, 33 F.3d at 718 (listing the factor as "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action").  Following the filing of Plaintiff's and Ms. Crow's motions to dismiss the Court stayed discovery.  ([ECF No. 40](#).)  Then, Defendants amended their counterclaims as of right.  ([ECF No. 41](#).)  Before the deadline passed to respond to Plaintiff's and Ms. Crow's second set of motions to dismiss, Defendants moved to dismiss the counterclaims voluntarily.  Under these circumstances, Defendants have not engaged in excessive delay that would amount to legal prejudice.

### II.C.  Reason for Dismissal

Defendants seek dismissal of their counterclaims for the sake of judicial economy, by allowing the litigation to focus on Plaintiff's claims and Defendants' dispositive defenses.  ([ECF No. 55](#), PageID #890; [ECF No. 60](#), PageID #957.)  The Court takes this explanation at face value.  Even so, Defendants sought dismissal and advanced this rationale at the eleventh hour, after the conclusion of briefing on motions to dismiss the counterclaims.  In the Court's view, that timing lessens the importance of this factor in the determination of plain legal prejudice.

### II.D.  Summary Judgment

Defendants are correct that no party has moved for summary judgment.  ([ECF No. 55](#), PageID #890.)  In addition, the Court has stayed discovery pending a ruling on Plaintiff's motions to dismiss.  ([ECF No. 40](#), PageID #388.)  But Plaintiff has sought adjudication on the merits of Defendants' counterclaims, as explained above.

On the facts and circumstances of this record, the Court construes this factor as favoring Plaintiff and Ms. Crow.  That is, through dismissal Defendants seek to avoid a ruling on a dispositive motion.  Therefore, this factor weighs in favor of a dismissal with prejudice.

*     *     *

On the record presented, these factors and the interests of justice favor dismissal with prejudice.  On balance, the effort and expense the parties devoted to briefing dispositive motions present the most important considerations on the record presented and favor a finding of plain legal prejudice and dismissal with prejudice.

## III.  Fees

Plaintiff requests an award of fees under Rule 41(a)(2) on that ground that Defendants' counterclaims and motion for voluntary dismissal were brought in bad faith.  (ECF No. 58, PageID #945–48.)  Specifically, Plaintiff argues that Defendants' counterclaims are meritless.  In doing so, Plaintiff essentially raises the same arguments that were made in the motions to dismiss.  (*See id.*, PageID #946–47.)

"Rule 41(a)(2) is not a fee-shifting statute"; rather, "it is a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal as the court deems proper."  *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 410 (6th Cir. 2017) (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 931 (6th Cir. 2007)).  Because the Court dismisses Defendants' counterclaims with prejudice, the Court declines to award Plaintiff its fees and costs.  In any event, the evidence in the record does not

show that Defendants acted in bad faith or justify a departure from the traditional American Rule under which each party bears its fees and costs.

## IV.    Plaintiff's Request to Rule on the Merits

Plaintiff requests that the Court rule on the merits of the motions to dismiss. (ECF No. 57.)  Because the parties agree that dismissal is appropriate (ECF No. 58, PageID #930), and because the Court dismisses Defendants' counterclaims with prejudice, the Court declines to entertain this request.

## CONCLUSION

For the foregoing reasons, and on consideration of the record as a whole and the parties' respective arguments, the Court exercises its discretion to dismiss Defendants' counterclaims with prejudice.  In doing so, the Court finds that Plaintiff and Ms. Crow would suffer plain legal prejudice, not merely the prospect of a second lawsuit.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.  (ECF No. 55.)  Specifically, the Court **DENIES** Defendants' motion to amend their counterclaims.  Further, the Court **DISMISSES** Defendants' counterclaims **WITH PREJUDICE** pursuant to Rule 41(a)(2) with all parties to bear their own costs and fees.  Therefore, the Court **DENIES AS MOOT** Plaintiff's and Ms. Crow's motions to dismiss.  (ECF No. 27; ECF No. 30; ECF No. 38; ECF No. 49; ECF No. 51.)

The Court schedules a status conference by phone for June 7, 2022 at 4:00 p.m. eastern.  Further, the Court **DIRECTS** counsel to confer and submit a joint status

report and proposal (agreed if possible) for the next steps in the litigation) no later than June 1, 2022.

**SO ORDERED.**

Dated:  May 24, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio